# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE DIVISION NASHVILLE

RECEIVED

DEC 01 2020

US DISTRICT COURT
MID DIST TENN

Anthony Parker, Plaintiff

v.

Marque of Brands Americas LLC.,
Defendant

No. 03-20 1033

**DEMAND FOR JURY TRIAL.
WRONGFUL JOB TERMINATION**

**PLAINTIFF**, Anthony Parker (hereinafter "Plaintiff"), complaining of the Defendants, alleges and says:

## JURISDICTIONAL STATEMENT AND PARTIES

1.  Plaintiff is a citizen and resident of Tennessee residing in Rutherford County.

2.  Defendant Marque of Brands Americas LLC., (hereinafter "Defendant") is a corporation registered in the State in Tennessee to conduct business within the state and at all times relevant herein owns and operates a facility within the state of Tennessee.

3.  Defendants at all times material to this complaint, operated, managed and/or maintained facility at 291 Edgewood St. Alexandria, Tennessee.

4.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1343.

5.  Venue is proper under 28 U.S.C. §1391(b) and 42 U.S.C.§2000e-5(f)(3) as the alleged unlawful employment practice was committed with the State of Tennessee and Defendant has contacts that are sufficient to subject it to personal jurisdiction within the Middle District thereof.

6.  At all times herein mentioned, Defendant was an employer within the meaning of Title VII of the Civil Rights Act of 1964, and as such was prohibited from discriminating in employment on the basis race, religion, national origin and/or retaliation thereof.

1

7. The alleged wrongs and damages described herein occurred in Alexandra, Dekalb County, Tennessee.

8. On or about October 14, 2020, Plaintiff filed a charge of discrimination with the Nashville District Office of the U.S. Equal Employment Opportunity Commission ("EEOC"), EEOC Charge No. 494-2020-02673, alleging discrimination based on Plaintiff's race and age against Defendant ( A copy is attached hereto and incorporated by reference).

9. Plaintiff's EEOC charge was timely filed within one hundred eighty (180) days after the alleged unlawful employment practices first occurred, satisfying the requirement of 42 U.S.C. § 2000e-5(b) and (e) with the EEOC.

10. On October 22, 2020, the EEOC issued a notice of Right to Sue to Plaintiff in the matter of EEOC Charge No. 494-2020-02673, which were received within ninety (90) days of the filing of this action by the Plaintiff (A copy is attached here to and incorporated by reference).

11. Plaintiff has complied with all jurisdiction and procedural requirements of Title VII before initiating this proceeding.

**STATEMENT OF FACTS**

12. The allegation contained in preceding paragraphs of the Complaint are re-alleged an incorporated by reference as though fully set forth herein.

13. Plaintiff is an African American male.

14. At all times relevant to this Complaint, Plaintiff was over forty (40) years of age

15. In May 2020 Anthony Parker (complainant) was interviewed and immediately hired as 2nd shift supervisor by Steve Gordin, CFO, reporting to Kirstie the owner.

16. On May 12, 2020, first day training with Ed Gottlied. Ed mentioned a black couple became confrontational and threatening on the production floor a week before I was hired. The

2

wife/girlfriend was fired, and the husband/boyfriend started to threaten him and others. Thought this was reason for my immediate hire to prove no past discrimination.

17. In May 2020 Kirstie Kirkham, the Business owner, white woman under 40 years old demanded I text her every night when locking the building. Edward Gottlied, white male over 40 years old, did not have to send a nightly text message. Ed held the position as 2nd shift supervisor. Another manager asks me why she (Kirstie) wanted me to text her at night; then asked if she replied and I said no. He had a sardonic look upon his face when responding. Ed the prior 2nd shift supervisor not required to send daily message.

18. On May 18, 2020, Kirstie demanded I have a job performance discussion with 2nd shift, employee Hillary Knowles. Bryant 1st shift supervisor white male under 40 years old and Kirstie made a production observation of her performance. Bryant 1st shift supervisor was to mentor me in counseling the employee. Bryant has far less experience and education handling performance issues. Kirstie gave a smug attitude insinuated Bryant has expertise in handling job performance issues.

19. Christina, white woman under 40 years old, behaves as she is my boss. In May 2020, Christina became confrontational because I made the comment, "she has only been working here a short time.' Afterward Christina made comment I should watch how I talk to others, especially Kirstie. I was the only black male manager and no other employee was 62 years old.

20. In May 2020, another incident, Kirstie and Ed gave instruction how to stack skids. Christina stood there, heard the conversation but changed afterwards than demanded I do what she instructed. Christina demonstrated insubordination while discriminating against me as the acting 2nd shift supervisor.

3

20. May 2020, Christina demanded I include her in my nightly email to management. When included, Steve, CFO, was furious I included her in email. Because my emails were to be forwarded to management personnel. Christina did not hold a management position but worked closely with Kirstie Kirkham the business owner

21. On June 4, 2020, Kristopher Hillard white male under 40, While having a performance and attendance discussion made a threatening gesture by slamming his hand on tabletop. Informed Steve Gordin, CFO of confrontation in daily email, who gave no advice after repeated documented incident reports of pass disruptive behavior.

22. On June 17, 2020 Christina became confrontational after being asked how she wanted skids stacked, I was accused of talking behind her back on the production floor in front of associates in a threatening manner, I said you don't have to talk to me in a demeaning childish manner. Her demeanor was derogatory, prejudicial, and insinuating she has authority over me.

23. After June 17, 2020, someone at Defendants facility denied me access to label machine printer, whereas no one on second shift had access. The lock out occurred after Christina's childish outburst humiliating me on the production floor. Kirstie Kirkham had authority to deny me printer access.

24. On June 18, 2020, about 10:50 pm on line 1, was first incident of Dustin Warner white male under 40, calling me a boy, than saying he was joking, There has been other incidents I have addressed with Dustin but not reported to Defendants. Steve Gordin was informed of incident the next day after daily production meeting.

25. On July 10, 2020 Brandon Anderson, New Plant Manager, white male over 40 years old placed me under surveillance. On July 10, 2020 employees received instruction of job duties from day shift subordinates and when I asked Kirstie; she became smug and dismissive. On

4

July 13, 2020 Brandon interviewed 2nd shift employees. The unwarranted surveillance is a discriminatory practice to fabricate company policy violations.

26. On July 14, 2020 at 2:30pm after arriving at work, Brandon Anderson with Steve Gordin present terminated my employee. His comment was "I am the new boss, and your employment is terminated." Reason for termination on separation document was terminated while on probation.

- Defendant replaced my position with a younger white male under 40 years old, (Eric).

27. Rachel Woznaik, Defendants' HR Manager white woman under 40 years old, refused to pay 4.1 hours of my earned PTO. The hours were earned during last 2 weeks of employment that are not posted till after the pay period. Moreover, my pay is listed as an hourly amount. Kirstie demanded my arrival at work by 2:30pm because 2nd shift started at 3pm to 11:30pm. I worked from 2:30pm to 12am Monday to Friday.

- Pay listed as $26.44 per hour, and not $1057 a week.

28. No other black man or woman over 40 years old at Defendants facility in Tennessee holds a management position. Additionally, my termination occurred 30 days before $5000 raise. Defendant discriminated against me because I am a 62-year-old black man.

## FIRST CAUSE OF ACTION
### (Title VII Discrimination)

29. Plaintiff hereby re-alleges and incorporates all the preceding paragraphs as thoroughly set forth herein.

30. Plaintiff has satisfied all procedural and administrative requirements of Title VII of the Civil Rights Act of 1964, as amended, by filing timely Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), receiving a Right to Sue letters from the

EEOC and filing a Complaint within 90 days of receipt of the Right to Sue letters (see attached).

31. Plaintiff is African American.

32. Defendant has discriminated against Plaintiff in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., as amended by the Civil Rights Act of 1991 ("Title VII"), by subjecting Plaintiff to different treatment on the basis of his race. Plaintiffs have suffered disparate treatment as a result of Defendant wrongful conduct.

33. Defendant has discriminated against Plaintiff by treating him differently from, and less preferably than, similarly-situated non-African American employees, including but not limited to, Eric white male under 40 years old who replaced Plaintiff as supervisor and by subjecting Plaintiff to discriminatory disciplinary decisions, harassment, unfair job demands, unwarranted disciplinary actions and complete refusal to address the discrimination, resulting in Plaintiff's termination, in violation of Title VII.

34. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of Plaintiff, entitling Plaintiff to punitive damages.

35. Defendant is liable for its agents and supervisory employees, due to its failure to address issues of discrimination and harassment of which it was aware.

36. As a result of Defendants' conduct as alleged in this complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to lost earnings, lost benefits, costs and expenses, and other financial loss, as well as humiliation, inconvenience, embarrassment, emotional and physical distress, and mental anguish.

37. By reason of Defendants' discrimination, Plaintiff is entitled to all remedies available for violations of Title VII, including an award of punitive damages.

6

38. Cost of court fees should be awarded under 42 U.S.C. § 2000e-5(k)

## SECOND CAUSE OF ACTION
### (Age Discrimination in the alternative)

39. Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs as thoroughly set forth fully herein.

40. Defendant wrongfully and intentionally discriminated against plaintiff on account of his age in violation of the ADEA, 29 U.S.C. 621, as follows:

41. Plaintiff is a sixty-two (62) year old African American male.

42. At all times relevant to this complaint, Plaintiff was employed as, was qualified for and held the position of 2nd Shift Supervisor.

43. At all times relevant to this complaint, Plaintiff was adequately performing his job as 2nd Shift Supervisor and meeting Defendants' expectations.

44. Plaintiff, despite having no prior disciplinary action, was terminated from his position while under a 90day probationary period (See Attached).

45. Upon information and belief, Defendant, after terminating Plaintiff continued to employ and replace Plaintiff with a substantially younger employee with a known history of no educational or work experience as a supervisor and unable to drive a forklift (Eric). As a result, Plaintiff alleges his age was the but for factor in Defendant's decision to terminate employment in violation of 29 U.S.C. § 621, et seq.

46. Defendants committed unlawful and discriminatory practices in violations of the provisions of the ADEA, as amended, 29 U.S.C. § 621, et seq.

47. Defendants' conduct, as described above, was willful, Plaintiff is entitled recovery damages under 20 U.S.C. § 621, et seq., including liquidated damages in excess of $10,000.00.

48. Plaintiff is further entitled to recover the cost and expense of this action.

7

## THIRD CAUSE OF ACTION
### (Violation of Tennessee's Public Policy and Implied Contract Employment at will Exceptions)

49. Plaintiffs hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs as thoroughly set forth fully herein.

50. Plaintiff was qualified for the position he held during his employment with Defendant.

51. TN. Code § 50-1-801, Retaliatory discharge from employment; (1) or more legitimate, nondiscriminatory reasons existed for the plaintiff's discharge.

52. Defendant terminated Plaintiff on account of race and age.

53. Defendants' actions in terminating Plaintiff on account of his race and age discrimination directly violated the express public policy of the State of Tennessee. Thus, the termination and hiring younger white male was wrongful and unlawful.

54. As a direct and proximate result of Defendant's discriminatory conduct Plaintiff has suffered and will continue to suffer lost wages, pain, suffering and mental and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proved at trial.

55. Defendant's conduct was willful and wanton, thereby entitling Plaintiff to punitive damages.

## FORTH CAUSE OF ACTION
### (Negligent Retention of Manager/Supervisor)

56. Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs as thoroughly set forth fully herein.

57. The actions and conduct of Steve Gordin, Kirstie Kirkham, and Brandon Anderson were tolerated, condoned, and/or ratified by Defendant when Defendant knew or should have known such actions were in violation of Plaintiffs federally protected rights were inflicting stress, anxiety and adverse employment actions upon Anthony Parker.

58. Defendant knew or should have known unless it intervened to protect the Plaintiff and adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct and actions of its employees, that it would be violating the Plaintiff federally protected rights and subjecting Plaintiff to emotional stress, turmoil, and adverse employment actions.

59. Defendant is liable for failure to properly supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct and action of its employees, and as a direct result, Plaintiff has suffered pecuniary losses including lost wages, benefits, and employment opportunities for which Defendant is liable in an amount is excess of $10,000.00.

60. That the acts and conduct on the part of Defendant was willful and wanton and in gross and reckless disregard of the rights of the Plaintiff, and as such, Plaintiff is entitled to punitive damages in an amount in excess of $10,000.00, for which Defendant is liable.

61. As a direct and proximate result of Defendant's negligent supervision and retention of employees, agents and servants, Plaintiff has suffered and will continue to suffer lost wages, lost earning opportunities, pain and suffering, and mental and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proved at trial.

**NOW, THEREFORE**, the Plaintiff prays unto the Court as follows:

1. That the Court issue a declaration that defendant have violated the plaintiffs legal rights;

2. That Plaintiff recover of Defendant compensatory damages against Defendant for the violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-5(g), Age Discrimination, Negligent Retention of Manager/Supervisor, and Tennessee Public Policy and Implied Contract employment at will exceptions representing all lost benefits of employment and compensatory damages, including but not limited to loss of wages, loss of benefits, loss of status, loss of

reputation, emotional distress and inconvenience, for an amount in excess of $75,000.00, which amount shall be determined specifically at the trial of this action;

3. That Plaintiff recovers the benefits to which he is entitled under the plan;

4. That Plaintiff recover punitive damages in an amount in the discretion of the jury;

5. That Plaintiff recover the costs of this action, including reasonable fees for the representation herein;

6. That this Court award pre-judgment and post-judgment interest on all amounts recovered herein; and

7. That this Court grant such other relief as it deems just and appropriate.

This the 29th day of November 2020.

Anthony Parker, Pro Se,
825 S. Church St. #2655
Murfreesboro, TN. 37133

## CERTIFICATE OF SERVICE

I certify that on November 29, 2020, a copy of Complaint was filed with the Clerk of Court and a copy was mailed to Defendant's Registered Agent addressed as shown below:

**DEFENDANTS**
Donald B. Stuart
511 Union ST
STE 2700
Nashville, TN 37219-1791

Anthony Parker
825 S. Church St. #2655
Murfreesboro, TN. 37133

10

825 S. Church St. 2655
Murfreesboro, TN. 37133



RECEIVED
in Clerk's Office

DEC 0 1 2020

U.S. District Court
Middle District of TN

Attn: Civil Clerk
U S District Court
801 Broadway Rm 800
Nashville TN. 37203

